The order below is hereby signed.

Signed: November 6 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br>**Darryl W. Thomas,**<br>**Debtor.** | **Case No. 23-00261-ELG**<br>**Chapter 7** |
| **Darryl W. Thomas,**<br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. Bank National Association, not in its Individual Capacity but Solely as Owner for VRMTG Asset Trust,**<br>**Defendant.** | **Adv. Pro. 24-10025-ELG** |

## MEMORANDUM OPINION GRANTING MOTION TO DISMISS

The Court has before it the *Motion to Dismiss Complaint with Prejudice* (the "Motion to Dismiss") (ECF No. 5) filed by U.S. Bank National Association as owner for VRMTG Asset Trust (the "Defendant"), seeking dismissal of the *Complaint for Declatory [sic] Injunctive and Supplemental Relief* (the "Complaint") (ECF No. 1) filed, *pro se*, by Darryl W. Thomas (the "Debtor"). For the reasons stated herein and upon consideration of the Motion to Dismiss, the responsive pleadings thereto,[1] and arguments made at the hearing held on December 4, 2024 (the "Hearing"), the Court grants the Motion to Dismiss with prejudice.

[1] *See Pl.'s Resp. in Opp'n to Def.'s Mot. Dismiss Pl.'s Compl. with Prejudice* (ECF No. 8); *U.S. Bank National Association's Reply to Pl.'s Opp'n to Mot. Dismiss Pl.'s Compl. with Prejudice* (ECF No. 9).

This case represents just one of the latest attempts by the Debtor to attack the Defendant's secured claim and/or delay the Defendant's attempts to foreclose on residential real property located at 1711 Highwood Place S.E., Washington, D.C. 20020 (the "Property"). In this Court alone, the Debtor has filed two separate bankruptcy petitions on the eve of foreclosure, and two separate, but identical, adversary proceedings against the Defendant, including the instant case.[2] The litigation in this Court is in addition to over a decade of litigation in the District of Columbia state courts.

While the Motion to Dismiss was under advisement, the Debtor filed a *Motion to Supplement with Newly Discovered Evidence and Supplemental Brief in Opposition to Defendant's Motion to Dismiss* (ECF No. 17) and a *Motion for Leave to Supplement and Amend Complaint* (ECF No. 22). The latter motion did not include a proposed amended complaint. Finding that the motions did not comply with Civil Rule 15(a)(2), were filed after undue delay, and almost certainly would result in the waste of judicial resources, the Court denied both motions by order entered December 3, 2025.[3] *Order*, ECF No. 29. The December 3, 2025 order further prohibited any party from filing any further motions or supplemental evidence related to the Motion to Dismiss absent explicit leave of Court. *Order*, ECF No. 29, at 2. Notwithstanding the prohibition, the Debtor filed another motion requesting "immediate confirmation of the current status" of the Motion to Dismiss on November 4, 2026, after similar relief was denied by the District of Columbia Superior Court (the "Superior Court") and District of Columbia Court of Appeals. *Emergency Motion for Temporary Restraining Order, Expedited Hearing, and Limited Interim Relief Under Fed. R.*

---

[2] The relevant bankruptcy cases are *In re Thomas*, No. 18-00205-SMT (Bankr. D.D.C. Mar. 28, 2018) and *In re Thomas*, No. 23-00261-ELG (Bankr. D.D.C. Sep. 13, 2023), and the relevant adversary proceedings are *Darryl Thomas v. US Bank Trust National Association, not in its Individual Capacity but Soley [sic] as Owner Trustee for VRMTG Asset Trust*, Adv. Proc. No. 23-00261-ELG (Jan. 9, 2024) and the instant proceeding.

[3] Unless specifically indicated otherwise, all section references are to Title 11 of the United States Code (the "Bankruptcy Code"). The Federal Rules of Bankruptcy Procedure shall be referred to as the "Bankruptcy Rules," and the Federal Rules of Civil Procedure shall be referred to as the "Civil Rules" herein.

*Bankr. P. 7065* (ECF No. 32) (the "TRO Motion"). The TRO Motion was filed without explicit leave of Court and, thus, was not considered by the Court on the merits or in relation to this Memorandum Opinion.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Memorandum Opinion serves as the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

## II. Facts

### *A. Prepetition State Court Litigation*[4]

The Debtor's dispute with the Defendant arises out of the loan he entered into in 2006. *Mem. in Supp. of Def.'s Mot. to Dismiss* (ECF No. 5). The Debtor defaulted on the loan in 2011, and in March 2015, U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust commenced a judicial foreclosure action in the Superior Court. Ex. A, ECF No. 5-2. After extensive motions practice between 2015 and December 2017, the Superior Court granted summary judgment to U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust and entered an *Order and Decree of Sale* on February 14, 2018 (the "Summary Judgment Order"). *See* Ex. E, ECF No. 5-6; Ex. H, ECF No. 5-9; Ex. O, ECF No. 5-16. Specifically, in granting the Defendant summary judgment, the Superior Court considered and dismissed or granted summary judgment against the Debtor on each of his counterclaims against the Defendant, including (i) dismissal of the claim under the Federal Debt Collection Practices Act

---

[4] As noted *supra*, the Debtor has engaged in significant litigation against the Defendant in the District of Columbia state courts, both trial and appellate, so the Court summarizes only the matters directly relevant and referenced as to the current Motion to Dismiss.

because the Debtor failed to show that he was a consumer under the same; (ii) summary judgment on the counterclaims under the District of Columbia Consumer Protection Procedures Act for failure to provide "a scintilla of evidence" that could be used to survive summary judgment; (iii) dismissal of a claim under the Real Estate Settlement Procedures Act; and (iv) summary judgment against the Debtor on the Debtor's counterclaim for breach of contract. Ex. O, ECF No. 5-16.

The Debtor subsequently filed multiple motions for reconsideration in the Superior Court and appeals, including to the D.C. Court of Appeals. Ex. P, ECF No. 5-17; Ex. Q, ECF No. 5-18; Ex. R, ECF No. 5-19; Ex. S, ECF No. 5-20, Ex. T, ECF No. 5-21; Ex. U, ECF No. 5-22; Ex. V, ECF No. 5-23. All motions and appeals were denied or dismissed for procedural reasons. *Id.*; Hr'g on Def.'s Mot. to Dismiss (ECF No. 16). In October 2022, U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust moved to amend the Superior Court's foreclosure judgment to substitute the trustee under the Deed of Trust. Ex. W, ECF No. 5-24; Ex. X, ECF No. 5-25. The Debtor did not oppose the amendment, but later filed another motion for reconsideration, which was denied in January 2023. Ex. Z, ECF No. 5-27. The Debtor appealed the denial of reconsideration, but the appeal was dismissed in 2024 due to his failure to file a brief. Ex. AA, ECF No. 5-28; Ex. AB, ECF No. 5-29. Thus, notwithstanding the flurry of motions practice by the Debtor in the District of Columbia courts, the Summary Judgment Order is a final order on the merits of the issues raised therein, including the Defendant's right to foreclose on the Property and the counterclaims raised by the Debtor.

*i. The Bankruptcy Cases and Adversary Proceedings*

On March 28, 2018 – while the Debtor's state court appeal was pending – the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code in this Court. Vol. Pet. for Individuals Filing for Bankr., *In re Thomas*, No. 18-00205-SMT ("2018 Bankruptcy Case"), ECF

No. 1. The filing of the petition stayed the then-pending foreclosure proceedings in the Superior Court. In June 2018, U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust moved for relief from the automatic stay (the "2018 Motion for Relief"). 2018 Bankruptcy Case, ECF No. 30. The 2018 Motion for Relief was resolved with a consensual order whereby the Debtor agreed to cure his post-petition arrearage by a certain date and resume monthly mortgage payments. 2018 Bankruptcy Case, ECF No. 40. The Court's docket does not reflect any subsequent default by the Debtor prior to entry of an order dismissing his case for failure to make plan payments on April 7, 2020. 2018 Bankruptcy Case, ECF No. 73.

On September 13, 2023, the Debtor filed, with the assistance of counsel, a second voluntary petition under chapter 13 of the Bankruptcy Code. Vol. Pet. for Individuals Filing for Bankr., *In re Thomas*, No. 23-00261-ELG (Bankr. D.D.C. Sep. 13, 2023) (the "Main Case"), ECF No. 1. In December 2023, the Defendant moved for relief from the automatic stay (the "2023 Motion for Relief"), to which the Debtor filed an opposition on January 2, 2024. Main Case, ECF Nos. 23, 25. On January 9, 2024, the Debtor, *pro se*, commenced his first adversary proceeding against the Defendant, but voluntarily dismissed the case on February 14, 2024. Compl. for Declatory [sic] Injunctive and Suppl. Relief, *Darryl Thomas v. U.S. Bank Trust National Association, not in its Individual Capacity but Soley [sic] as Owner Trustee for VRMTG Asset Trust*, Adv. Proc. No. 24-10002-ELG (Bankr. D.D.C. Jan. 9, 2024) (the "First Adversary"), ECF No. 1; *Notice of Dismissal*, First Adversary, ECF No. 4. Nine days after dismissal of the First Adversary, the Debtor, by counsel, entered into a consent order modifying the terms of the automatic stay and resolving the 2023 Motion for Relief. Main Case, ECF No. 39.

*ii. District of Columbia District Court Case*

On December 10, 2021, after dismissal of the 2018 Bankruptcy Case but prior to the filing

of the Main Case, the Defendant removed the Debtor's *Verified Complaint for Declaratory, Injunctive and Supplemental Relief Including Compensatory and Punitive Damages* (the "D.D.C. Complaint") from the Superior Court to the United States District Court for the District of Columbia. *See Thomas et al. v. Bank of America et al.*, No. 21-cv-03242-TJK (D.D.C. Dec. 10, 2021) (the "D.D.C. Case"), ECF No. 1-4. Although the D.D.C. Complaint was filed by counsel, the Complaint filed *pro se* by the Debtor in this proceeding contains substantially the same allegations and, in most cases, the exact same language, albeit in a slightly different format or order, but with all of the same typographical and grammatical errors. *Compare, e.g.*, D.D.C. Case, ECF No. 1-4, at 10, *with* Complaint, ECF No. 1, at 6 ("The ignorance of the Plaintiffs was caused solely by the successful and continuing active concealment of an illegal scheme and intentional and/or negligent misrepresentation of facts that were untrue and were known, must have been known or shown have been known by the Defendants as being untrue."); D.D.C. Case, ECF No. 1-4, at 72, *with* Complaint, ECF No. 1, at 26 ("Even if the Defendants, each and /or all of them acted with some colorable right, justification or excuse (created solely by fabrication of false documentation), Plaintiffs are still left without knowing the identity and contact information of the Party(ies) who paid value for the purported debt and to whom the purported debt is owed because that(Those) party reports and carries the Plaintiffs obligation as a loan receivable or receivable as the label is used in Generally Accepted Accounting Principles as published by the Financial Accounting Standards Board.").

On September 4, 2022, the District Court issued a *Memorandum Opinion* (the "D.D.C. Opinion") and *Order* dismissing the D.D.C. Complaint. D.D.C. Case, ECF Nos. 33, 34. The D.D.C. Opinion summarizes the Debtor's allegations in the D.D.C. Complaint as follows:

> In short, Thomas claims that after obtaining a loan to buy the property, the lender—Bank of America—conspired with other financial institutions to

> unlawfully create the "illusion" that title in the property had been transferred to a "nonexistent trust entity." ECF No. 1-4 ¶¶ 9, 14, 16, 18, 43–45. In doing so, Defendants allegedly falsified records and documents, made intentional misrepresentations, and fabricated evidence and testimony. *See, e.g., id.* 182. Thomas alleges that Defendants did all this to obtain loan payments fraudulently and eventually "weaponize" the foreclosure process to seize his property. *Id.* ¶¶ 8, 15, 80–83. He alleges that the scheme has been referred to as a "securitization fail." *Id.* ¶ 8.

D.D.C. Case, ECF No. 34, at 2. The District Court rejected the Debtor's argument "that his claims [were] not precluded because some defendants in [the D.D.C. Complaint] were not parties to the foreclosure action and because he only recently 'discovered' certain facts related to the alleged conspiracy" and found that the Summary Judgment Order was a final judgment on the merits. *Id.* at 7-8. The District Court further found, *inter alia*, and as relevant herein that the claims raised by the Debtor in the D.D.C. Case were identical to his counterclaims raised in the Superior Court or could have been brought in that case. *Id.* at 9-10 (citing *Faulkner v. Gov't. Emps. Ins. Co.*, 618 A.2d 181, 183 (D.C. 1992) ("The nature and scope of a cause of action is determined by the factual nucleus, not the theory on which a plaintiff relies."). The District Court concluded that "the prior judgment in the foreclosure action has claim preclusive effect on this case and creates 'an absolute bar to relitigating that cause of action.'" *Id.* at 10-11 (citing *Colvin v. Howard Univ.*, 257 A.3d 474, 481 (D.C. 2021)).

*iii. The Pending Adversary Proceeding*

On September 12, 2024, the Debtor, *pro se*, filed his Complaint initiating this adversary proceeding. Complaint (ECF No. 1). As noted by the District Court with respect to the D.D.C. Complaint, the scheme alleged in the instant Complaint is "complex" and "hard to follow." D.D.C. Case, ECF No. 34, at 1-2. As discussed *supra*, although some of the allegations in the D.D.C. Complaint are not included in the Complaint in this case, the allegations and causes of action are substantially the same, if not identically worded, arguments and allegations that were found to be

precluded and dismissed in the D.D.C. Complaint. On October 15, 2025, the Defendant filed its Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over the Debtor's Complaint under Civil Rule 12(b)(1) under either *res judicata* or the *Rooker-Feldman* doctrine, or in the alternative, under Civil Rules 9(b) and 12(b)(6) for failure to state a claim upon which relief can be granted. *Mem. in Supp. of Def.'s Mot. Dismiss* (ECF No. 5).

In response, the Debtor argues that his claims, which "stem from improper securitization, fraudulent assignments, and Defendant's lack of standing to foreclose," involve new facts, particularly concerning VRMTG Asset Trust, that have not been addressed in prior litigation. *Pl's. Resp. in Opp'n to Def.'s Mot. Dismiss Pl.'s Compl. with Prejudice* (ECF No. 8). The Debtor maintains that *Rooker-Feldman* does not apply because he is not asking the Court to overturn the Superior Court's judgment and that *res judicata* does not apply because the Debtor "was not aware of the full extent of Defendant's misconduct until after the foreclosure judgment." *Id.* Among other things, the Debtor invokes the Court's "broad equitable powers under 11 U.S.C. § 105." *Id.*

## III. Discussion

Civil Rule 12(b)(1), made applicable herein by Bankruptcy Rule 7012, provides for dismissal for lack of subject matter jurisdiction. Fed. R. Bankr. P. 7012; FED. R. CIV. P. 12(b)(1); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). In considering a motion for dismissal under Civil Rule 12(b)(1), the Court "must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). The Court is also permitted to "consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Id.* (quoting *Scolaro v. D.C. Bd. of Elections and Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *Haase*, 835 F.2d at 906.

The Defendant moves for dismissal under Rule 12(b)(1) on two grounds: claim preclusion (res judicata) and the *Rooker-Feldman* doctrine. The Court finds that both doctrines are relevant and applicable to the Complaint.

*i. Claim Preclusion*

In considering claim preclusion, the Court applies the preclusion law of the jurisdiction in which the proceeding was first brought. *See Jahr v. District of Columbia*, 968 F.Supp.186, 190 (D.D.C. 2013) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)). Both the Summary Judgment Order and the D.D.C. Opinion were entered in matters originally filed in the Superior Court and, therefore, the Court must apply District of Columbia law. As the D.D.C. Opinion stated:

> Under District of Columbia law, "the doctrine of res judicata (claim preclusion) dictates that a final judgment on the merits of a claim bars relitigation in a subsequent proceeding of the same claim between the same parties or their privies." *Bell v. First Investors Servicing Corp.*, 256 A.3d 246, 253 (D.C. 2021) (cleaned up). Claim preclusion "operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised." *Patton v. Klein*, 746 A.2d 866, 870 (D.C. 1999). And "[i]f there is a common nucleus of facts, then the actions arise out of the same cause of action." *Faulkner v. GEICO*, 618 A.2d 181, 183 (D.C. 1992).

D.D.C. Case, ECF No. 33, at 7.

As further set forth above, the District Court found that the Summary Judgment Order was preclusive as to the D.D.C. Complaint because the Debtor's claims either duplicated claims he had raised in Superior Court or "ar[o]se from the same alleged conspiracy." *Id.* at 9-11. The same alleged conspiracy is the basis of the Debtor's claims in the Complaint filed in this proceeding. Therefore, the D.D.C. Opinion has preclusive effect in this proceeding. If the Debtor disagreed with the D.D.C. Opinion, his remedy would have been to note an appeal thereof. As he failed to do so, the D.D.C. Opinion and accompanying order are final orders with preclusive effect in this

case.

To the extent the Complaint instead seeks relief challenging the Defendant's right to foreclose on the Property, the Summary Judgment Order also has preclusive effect in this proceeding. There is no question that the Summary Judgment Order is a final judgment on the merits of the Defendant's right to foreclose on the Property and that the parties are the same in both actions. Although the Debtor attempts to color his relief sought as something other than a challenge to the Defendant's right to foreclose, his allegations involve the same nucleus of common facts and arise out of the same actions. Thus, as discussed *supra*, the Summary Judgment Order has preclusive effect over the Defendant's right to foreclose on the Property, and for the reasons set forth in the D.D.C. Opinion, also as to the counterclaims that were or could have been brought.

*ii. Rooker-Feldman*

The *Rooker-Feldman* doctrine prevents a federal court from sitting in review of rulings issued by a state court. *Richardson v. D.C. Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia v. Feldman*, 460 U.S. 462, (1983). While this matter was under advisement, the Supreme Court confirmed that *Rooker-Feldman* requires dismissal of "lawsuits brought by parties who received adverse judgments in state courts and then turn to federal courts seeking "review and rejection of" those judgments" on grounds of subject matter jurisdiction. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668, 674 (2026) (quoting *Exxon-Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). *T.M.* further clarified that a "final order" for purposes of application of the *Rooker-Feldman* doctrine includes a state-court judgment on appeal in the state-court system. Thus, when it was entered in February 2018, the Summary Judgment Order was a final trial-court judgment

for the purposes of *Rooker-Feldman*.

The Summary Judgment Order is a final trial-judgment which determined not only the Defendant's right to foreclose, but also the counterclaims raised therein. The Plaintiff continues to attempt to attack the Defendant's right to foreclose, a question clearly and affirmatively decided by the state trial court not only in the Summary Judgment Order, but in subsequent orders denying Debtor's motions for reconsideration. (ECF No. 5-21, 5-27). The Debtor's Complaint is another attempt to have yet another forum consider arguments on which he has already lost in a court of competent jurisdiction, in this case the District of Columbia Superior Court. This Court does not have jurisdiction to sit as an appellate court over final state-court judgments. Thus, the Court finds that it lacks jurisdiction to consider the Complaint under the *Rooker-Feldman* doctrine.

## V. Dismissal with Prejudice

The Defendant asks this Court to dismiss the Complaint with prejudice due to the extensive litigation history, the piecemeal nature of the litigation brought by the Debtor over multiple courts, and duplicative filings. "The standard for dismissing a complaint with prejudice is 'high.'" *Lewis v. Bessent*, No. 25-1554 (JEB), 2026 U.S. Dist. LEXIS 192602, at *9, (D.D.C. Aug. 26, 2026) (quoting *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012); *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012)). Dismissal with prejudice is only appropriate when a court determines that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (quoting *Bonnano v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)); *Rudder*, 666 F.3d at 794.

A dismissal on jurisdictional grounds, such as *Rooker-Feldman*, is not a dismissal on the merits and would permit the plaintiff to pursue claims in an appropriate forum. *See Holmes v. Ocwen Loan Servicing, LLC (In re Holmes)*, No. 19-23497 (SHL), 2020 Bankr. LEXIS 1962, at

*16 (Bankr. S.D.N.Y. July 24, 2020) (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). Thus, if the Court had granted the Defendant's Motion to Dismiss solely on *Rooker-Feldman* grounds, dismissal with prejudice would be inappropriate notwithstanding the Debtor's copious pleadings and duplicative complaints.

Conversely, a dismissal on the grounds of res judicata operates as a final judgment on the merits. *Holmes*, 2020 Bankr. LEXIS at *16. "Foreclosure judgments operate as an adjudication on the merits and are final as to all questions at issue between the parties." *Id.* Because the Court finds that all portions of the Complaint are barred by res judicata, either as a result of the Summary Judgment Order, D.D.C. Opinion, or both, allegation of other facts could not possibly cure the deficiencies. Therefore, the Court finds that it is proper to dismiss the Complaint herein with prejudice.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 5) will be granted under Civil Rule 12(b)(1) and the Complaint (ECF No. 1) shall be dismissed with prejudice. The Court need not reach the question of dismissal under Civil Rule 12(b)(6). A separate order dismissing the case will be issued contemporaneously herewith.

[Signed and dated above.]

Service to: Debtor, recipients of electronic notice.